Opinion by JOHNSON, J. At the trial, it was stipulated that the application for an allowance for bottom sediment and water in excess of the usual amount found in crude petroleum was filed, as required by the customs regulations. However, no testimony was offered, or were the official papers placed in evidence. The protest was overruled, the court holding that there was nothing before it from which to determine whether or not the imported oil contained excessive bottom sediment and water or the quantity thereof.

**No. 62744.**—Adolph Goldmark & Sons Corp. *v.* United States, protest 58/11829–9911 (Chicago).

Opinion by JOHNSON, J. It was stipulated that the dutiable weight of the bottles in question were, in fact, the weights named in the invoice specifications, that is, 6¼ pounds per carton for the 7-ounce size; 7½ pounds per carton for the 12-ounce size; and 12½ pounds per carton for the 25-ounce size. In view of the stipulation, it was held that the glass bottles were properly dutiable at the appropriate rates under paragraphs 217 and 810, as modified, on the basis of the stipulated weights.

**No. 62745.**—International Packers Com'l Co., Inc., et al. *v.* United States, protests 257727–K/6583, etc. (Chicago).

Opinion by DONLON, J. In accordance with oral stipulation of counsel that the merchandise consists of meats, prepared or preserved, not specially provided for, similar in all material respects to the meat the subject of *United States* v. *Mercantil Distribuidora, S.A., et al.* (45 C.C.P.A. 20, C.A.D. 667), the claim of the plaintiffs was sustained.

**No. 62746.**—Coelho Brothers *v.* United States, protest 107111–K (Philadelphia).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of olives in brine similar in all material respects to those the subject of *Moscahlades Bros., Inc.* v. *United States* (39 Cust. Ct. 127, C.D. 1917), the claim of the plaintiff was sustained.

**No. 62747.**—Aeolian Shipping Co., Inc., et al. *v.* United States, protests 243062–K, etc. (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of olives in brine similar in all material respects to those the subject of *Moscahlades Bros., Inc.* v. *United States* (39 Cust. Ct. 127, C. D. 1917), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, FEBRUARY 11, 1959

**No. 62748.**—Nicholas Gal *v.* United States, petition 7237-R (New York).

DONLON, Judge: This is a petition under section 489 of the Tariff Act of 1930 for remission of additional duties assessed because of the entry undervaluation of certain aluminum metal-covered paper imported from Germany.

This merchandise was entered at New York. It was appraised at values higher than the entered values. The importer contested the value increases, filing 70 appeals for reappraisement as set forth in schedule A annexed to the petition now before us. Two of these reappraisement appeals were tried as a test. They were consolidated for trial, being entry Nos. 720153 and 708931.

The question of appraised value of aluminum metal-covered paper imported from Germany by plaintiff had then been before the court at least twice previously. (There have been, in all, four *Nicholas Gal* reappraisement decisions involving merchandise described as aluminum metal-covered paper imported from Germany. To minimize confusion, they are identified after initial citation, numerically in order of decision.) *United States* v. *Nicholas Gal*, 15 Cust. Ct. 395, Reap. Dec. 6192; *Nicholas Gal* v. *United States*, 28 Cust. Ct. 656, Reap. Dec. 8119.

The judgment entered in the reappraisement appeals as to entry Nos. 720153 and 708931 found appraised values that were in excess of the entered values. *Nicholas Gal* v. *United States*, 36 Cust. Ct. 555, Reap. Dec. 8573, affirmed, *id.* v. *id.*, 38 Cust. Ct. 728, A.R.D. 72. (This is the third of the *Nicholas Gal* reappraisement decisions.)

The remaining 68 appeals were then submitted to the court to find appraised values on the basis of stipulated facts, with the trial records in the second and third *Nicholas Gal* cases, *supra*, incorporated. Appraised values of the merchandise in all 68 appeals were found April 9, 1958. *Nicholas Gal* v. *United States*, 40 Cust. Ct. 785, Reap. Dec. 9122. (This is the fourth decision.)

Additional duties under section 489 were assessed on the merchandise of all 70 of these appeals (those of the third and fourth decisions), because the final appraised values exceeded the entered values. These are the additional duties now before us.

On trial of this petition, counsel stipulated in open court as follows:

MR. STRAMIELLO: * * * I will then offer to stipulate with Government counsel that the merchandise in this proceeding is similar in all material respects to that the subject of *Nicholas Gal* v. *United States*, Abstract 51557.

MR. SPECTOR: We so agree.

MR. STRAMIELLO: And that the facts as established in the record of that case, Abstract 51557, are the same in all material respects with respect to the manner in which entries were made and the intent involved.

MR. SPECTOR: We so stipulate.

JUDGE DONLON: It is stipulated.